### WILLIAM BEAL *vs.* OLDIN NICHOLS & another.

Where a witness is called only to prove the execution of an instrument, and cross-examined generally by the other party, the party calling him has not a right to cross-examine him upon the new matter upon which he was examined by the other party, unless allowed by the court in its discretion to do so; and cannot except to the ruling of the court that as a matter of law he has no right so to cross-examine him.

AT the trial in the court of common pleas, before *Bishop*, J. of an action of tort for the conversion of certain castings and wrought iron, the defendants, in order to prove the execution of two written contracts between the plaintiff and the defendants, the signatures to which the plaintiff refused to admit,

were compelled to call the attesting witness, and called him for this purpose only, and asked him no other questions. " The plaintiff then proceeded to examine the witness upon other independent matters, having no reference to the execution of said contracts, and which did not take place at the time of execution. After this examination by the plaintiff, the defendants proposed to cross-examine the witness upon the new matters upon which he had been examined by the plaintiff. To this the plaintiff objected, and the court ruled, as a matter of law, that the defendants had no right so to cross-examine." The jury returned a verdict for the plaintiff, and the defendants excepted to this ruling.

*J. G. Abbott,* for the defendants. Although the rule has been adopted in this commonwealth, contrary to the rule of the supreme court of the United States, that a witness, called only to prove the execution of an instrument, may be cross-examined by the other party, it does not follow that the party calling him has not a right to cross-examine him as to new and independent matter introduced by the other party. In such cases, the party who has been obliged by law to call the witness, may contradict him. 1 Greenl. Ev. § 443. *Brown* v. *Bellows,* 4 Pick. 194. *Whitaker* v. *Salisbury,* 15 Pick. 544, 545. There is a still stronger reason for allowing the party to cross-examine the witness. This is not an attempt to impeach the witness, but only to show him to be mistaken. The ruling of the court, " as a matter of law, that the defendants had no right to cross-examine " the witness, was certainly wrong, because it precluded the exercise of any discretion on the part of the judge. It is always in the discretion of the judge to permit a party to cross-examine his own witness. 1 Greenl. Ev. § 435. *Moody* v. *Rowell,* 17 Pick. 498. *Philadelphia & Trenton Railroad* v. *Stimpson,* 14 Pet. 461.

*B. F. Butler,* for the plaintiff. A witness is to be treated, throughout the trial, as the witness of the party calling him. 1 Greenl. Ev. § 447. *Moody* v. *Rowell,* 17 Pick. 498. When a party calls a subscribing witness to prove an instrument, the opposite party may then cross-examine him as to any matter.

*Webster* v. *Lee*, 5 Mass. 334    *Merrill* v. *Berkshire*, 11 Pick. 273, 274. *Burke* v. *Miller*, 7 Cush. 550. *Fulton Bank* v. *Stafford*, 2 Wend. 485. The reëxamination by the party calling must be confined to a direct examination, unless the witness shows a bias. *Varick* v. *Johnson*, 2 Wend. 201. If the witness is unwilling, then it is in the discretion of the judge to allow a cross-examination. *The People* v. *Mather*, 4 Wend. 248. 2 Phil. Ev. 403.

BIGELOW, J. We see no valid reason for changing the rule, as it has long been settled and practised upon in this commonwealth, that a party calling a witness, even for formal proof of a written instrument, or of other preliminary matter, thereby makes him his witness. In such case, he cannot be permitted to impeach his general character for truth. *Brown* v. *Bellows*, 4 Pick. 194. *Whitaker* v. *Salisbury*, 15 Pick. 544. Nor can he put leading questions to him, unless permitted so to do by the court in the exercise of a sound discretion. *Moody* v. *Rowell*, 17 Pick. 498, 499.

It follows that the adverse party has the right to cross-examine the witness upon all matters material to the issue. Experience has shown that this rule is convenient and easy of application in practice, and works no disadvantage to the party who produces a witness. On the other hand, a different rule, by making it necessary for the court, during the examination of a witness, constantly to determine what is or is not new matter upon which the opposite party has the right to put leading questions, leads to confusion and delay in the progress of trials. The ruling of the court below in the present case was in conformity with our well established practice.

The argument, by which the counsel for the plaintiff sought to sustain the exceptions, that the judge declined to exercise his discretion concerning the right of the plaintiff to put leading questions to the witness, seems to us to be untenable. The ruling was not that the court might not, in its discretion, permit the witness to be so examined by the party producing him ; but that it could not be claimed as a matter of legal right.

*Exceptions overruled.*